Kirkpatrick, C. J.
— Said, that he put his opinions on two points: First, That the affidavit ought to contain the cause of action, and to state it with it with so much particularity, as that it may appear, not only that there is a debt, *140 but that there is a debt actually due, for which au arrest may lawfully be made. Second, That the affidavit should be filed before the defendant is arrested; that this is required by the act of Assembly, and that for the purpose of prosecuting the plaintiff for perjury, in case it was false. He would not give any opinion as to the total exclusion of supplemental affidavits ; because, he was not prepared to say but that in some cases, supplemental affidavits might be proper. The reasons he had alreády stated, were sufficient, in his opinion, to discharge the defendant on common bail.
Rossell, J.
— Concurred in opinion, that the defendant be discharged on common bail.[1]
Pennington, J.
— I am clearly of opinion, that the original affidavit is defective; the plain meaning and intention of the statute is, that no man shall be deprived of his liberty in a civil suit, until affidavit be made of the cause of action, and that affidavit filed. The affidavit must be in the custody of the law, [111] that if false, the person making it may be prosecuted for perjury: and also, that the defendant may have his remedy if insufficient. The affidavit must be such on which perjury may be assigned; it ought not to be entitled in any cause, no cause being depending at the time of taking it; [*] this affidavit refers to the plaintiff, but no plaintiff is even mentioned in the entitling the affidavit; it is too uncertain, perjury cannot be assigned on it. The cause of action is particularly required by the act of Assembly, to be set out in the affidavit, and the reason and propriety of the thing call for it; notwithstanding all this, if these defects can be cured by supplementary affidavits, it will be necessary to look into the additional affidavit taken in this cause. It is true that the Court of Common Pleas in England, admit supplemental affidavits to explain ambiguities in the original affidavit, but not to supply substantial defects; the Court of King’s Bench, whose *141 practice we have adopted, will not even do that, and our practice act, prohibiting the court from going into the merit ■of the original affidavit is conclusive on the point; and shows that the learned judge,[1] who drew the act, had the practice of the King’s Bench, in view. I am clearly of opinion, that the plaintiffs must stand or fall by their original affidavit, that being defective — and even defective as it is, not filed on, or at the time of arrest, that the defendant must be discharged on common bail.
Defendant discharged.
Cited in Peltier v. Washington Bkg. Co., 2 Gr. 257; Perry v. Orr, 6 Vroom, 297.

 Vide 3 Halst. 34. 6 Halst. 196. Writ quashed.

 The Hon. William Patterson, Esq., deceased.